IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

United States Magistrate Judge Gordon P. Gallagher

Civil Action No. 17-CV-1373-CMA-GPG

**SUSAN ROBINSON,**

Plaintiff,

v.

**THE OIL SHALE CORPORATION,**

Defendant.

---

ORDER TO <u>PLAINTIFF</u> TO SHOW CAUSE

---

A temporary restraining order (TRO) hearing is set before the Honorable Christine Arguello in this action on June 26, 2017 at 9:00 a.m. Plaintiff moves for a TRO that Defendant be prohibited from:

(a) constructing or maintaining a fence across the road leading to the property;

(b) restricting Plaintiff's access to the property; and

(c) driving, herding, or interfering with Plaintiff's cattle (ECF #1-4, p. 5). [1]

Plaintiff's complaint alleges that Defendant "constructed a fence across the road leading to the property, effectively barring Plaintiff's access and impeding access of Plaintiff's livestock

---

[1] "(ECF #1-4)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

to water and grazing land" (ECF #1-2, p. 4). Plaintiff further alleges that "employees of Defendant herded Plaintiff's cattle back to pasture outside of the property without feed or water and interfered with gates maintained by Plaintiff." *Id.*

Plaintiff moves for both a TRO (ECF #1-4) and a preliminary injunction (ECF #1-6).

A temporary restraining order is extraordinary relief. A party seeking a temporary restraining order must show as follows:

> 1. a substantial likelihood that the movant eventually will prevail on the merits;
>
> 2. that the movant will suffer irreparable injury unless the injunction issues;
>
> 3. that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
>
> 4. that the temporary restraining order, if issued, would not be adverse to the public interest.

*Soskin v. Reinerston*, 260 F. Supp. 1055, 1057 (D. Colo. 2003) (citation removed).

A party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. Fed. R. Civ. Pro. 65(b).

In this action, it is not presently clear why this matter should proceed initially by way of a TRO hearing with a subsequent preliminary injunction and why there is need for a TRO at all. The following questions need to be answered forthwith:

> (1) Where are and who currently has control of the cattle referenced above which were driven, herded, or interfered with;
>
> (2) Is Plaintiff currently being precluded access, by way of the fence, from any crucial farm/ranch equipment (stock pond liners or the like) which would cost funds to replace or result in the death of animals if not utilized;

(3) Would the pasture be used now or is it too hot to use the pasture at this time based on altitude (The ranch appears to cover elevations from 6300 feet to 8000 feet. With the current Western Slope heat, it appears likely that cattle would be at higher elevations);

(4) Exactly how and what parts of the property is Plaintiff currently restricted from.

It is ORDERED that Plaintiff shall show cause as to the necessity of the TRO hearing and answer the above questions no later than June 22, 2017.

Dated at Grand Junction, Colorado this June 20, 2017.

Gordon P. Gallagher

United States Magistrate Judge